IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THERESA CHIEFFALLO-CRAIG | * | |
| | * | |
| v. | * | Civil No. – JFM-14-1199 |
| | * | |
| RELIANCE STANDARD LIFE INS. CO. | * | |

******

## MEMORANDUM

Plaintiff has filed this *pro se* action under ERISA. Defendant originally moved to dismiss the complaint because plaintiff's claims were barred by limitations. This court denied the motion on the ground that the conducting of discovery might establish that plaintiff reasonably was not aware of the limitations provision. The discovery deadline has now passed, and defendant has filed a motion for summary judgment, again on limitations grounds. Plaintiff has responded. The motion will be granted.

The very latest this action could have been filed was April 12, 2014. This date is three years after the deadline for plaintiff to submit an internal appeal to defendant of its denial of her claim. *See Heimeshoff v. Hartford Life & Accident Ins. Co.,* 134 S. Ct. 604 (2013). This action was not filed until April 15, 2014.

Plaintiff asserts, and the summary judgment record reflects, that although the action was not filed until April 15, 2014, she placed it in a mailbox on April 12, 2014. The "mailbox rule" applies to incarcerated prisoners who do not have the freedom of movement to go to the courthouse to make a filing timely of a complaint. There is no reason to extend the rule to other plaintiffs.

Likewise, the doctrine of equitable tolling does not apply. On several occasions defendant offered to provide plaintiff with its claim file, which included a copy of plaintiff's policy that itself included the provisions upon which plaintiff now relies. Moreover, plaintiff could have requested a copy of her policy from her employer but did not do so. Thus, there is no evidence that defendant took action to deny plaintiff a reasonable opportunity to exercise her rights.[1]

A separate order granting defendant's motion for summary judgment and granting judgment on its behalf is being entered herewith.

Date: 2/18/15

J. Frederick Motz
United States District Judge

---

[1] In this litigation plaintiff has submitted a letter requesting a copy of her policy. The letter is not included in the administrative record. Moreover, defendant denies having received it and its provenance is suspicious. In any event, plaintiff was on notice from an attorney as early as February 8, 2012, that she should request a copy of her policy from her previous employer, not the insurance company, and there is no question that on several occasions defendant offered to provide the claim file (including the policy) to plaintiff.